# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH LEE HANEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-313-RAW-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Joseph Lee Haney requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on July 4, 1960, and was forty-six years old at the time of the administrative hearing. He has a high school education, completed broadcasting school and has worked as a DJ and a bingo caller (Tr. 200). The claimant alleges he has been unable to work since October 9, 2001 (Tr. 36), due a neck injury at C5-C6, and generalized weakness and numbness in his knees and back (Tr. 52).

**Procedural History**

On October 15, 2004, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Kim D. Parrish conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated April 26, 2007. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation, finding that the claimant had the residual functional capacity ("RFC") to perform the full range of light work, *i. e.*, he could lift/carry 20 pounds frequently and 10 pounds occasionally, had no postural limitations, but was limited in "reaching overhead and lifting with her left

arm" and "pushing and pulling with her upper extremities" (Tr. 15). The ALJ concluded that the claimant was not disabled because he could return to his past work (Tr. 18-19).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence; (ii) by failing to order a new consultative examination in connection with the current application for benefits; (iii) by failing to properly consider his pain in formulating the RFC; and, (iv) by failing to consider hypothetical testimony from the Vocational Expert ("VE") in determining the claimant was capable of the full range of light work. Because the undersigned Magistrate Judge finds that on the facts of this case the ALJ should have ordered a new consultative examination, the Commissioner's decision should be reversed and the case remanded for further proceedings.

The claimant's only medical care comes from the Wewoka Indian Health Center (Tr. 202). His medical records date back to 1997 and indicate difficulty with his back (injured in an auto accident in January 1997), knees and arms. The claimant presented in December 1997 complaining of worsening back pain, but did not present with the same complaints again until July 13, 1998 (Tr. 152). It is noted in the record that claimant was referred to Carl Albert Hospital, but it is not clear whether he went (Tr. 150). But it is clear that the claimant experienced chronic back pain, as evidenced by his continual complaints of such pain throughout the medical evidence of record and notations that his back pain was worsening (Tr. 129, 130, 144, 150, 152, 155, 156, 193, 194, 195).

The claimant appeared *pro se* at the administrative hearing and testified that he had difficulty leaning down due to back pain that radiated down to his ankles, and that he had a "bad [left] knee" that swells up often (Tr. 201). In 2001, he fell off of a chair and broke his neck, which resulted in an anterior fusion at C5 and C6 (Tr. 193, 203-04). The claimant also testified that he had a difficult time walking, as it "feels like a bunch of weights on [his] feet" (Tr. 204), and that his arms and hands were weak, he has difficulty holding on to things, and he often burns himself when he cooks because he is unable to feel the heat (Tr. 205). He testified that he went through a job placement program with the Department of Human Services in 2005 but he could not be placed for employment because of his physical limitations, *i. e.*, his inability to pick up objects and stand up or sit down for any length of time (Tr. 210). Finally, the claimant testified that he received orthopedic therapy for his legs at Pinnacle Health Services, but the facility was unable to locate him in the system to provide records to the ALJ (Tr. 123).

An ALJ "has a basic duty of inquiry to fully and fairly develop the record as to material issues[,]" *Baca v. Department of Health & Human Services*, 5 F.3d 476, 479-80 (10th Cir. 1993), and must order a consultative examination when appropriate. *See Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir. 2003) ("The ALJ must ensure that a sufficient record exists to evaluate [the claimant's] exertional and nonexertional limitations. . . [T]he ALJ's duty to develop the record may include obtaining additional medical evidence from [the claimant's] treating physicians or ordering a consultative examination if the record does not otherwise contain sufficient evidence upon which to

base an RFC finding[.]"). The duty is "heightened when a claimant is unrepresented." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992), *citing Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987). In this case, the ALJ relied on a consultative examination performed by Dr. Paul Dichter, D.O. in connection with a previous request for benefits in 2002, in which Dr. Dichter apparently found that the claimant's "deep tendon reflexes were present and equal bilaterally" and he had "good strength in all extremities" (Tr. 17). While the ALJ had broad discretion to determine whether a new consultative examination was needed, the undersigned Magistrate Judge is persuaded that such a new examination should have been ordered under the circumstances in this case, *e. g.*, a history of serious injury, gradually worsening symptoms and a decision by the ALJ to rely on consultative evidence to support a disability decision. These factors strongly suggest a need for up-to-date information, and the ALJ therefore erred by failing to order a new consultative examination.

Because the ALJ should have ordered a consultative examination of the claimant under the circumstances of his case, the Commissioner's decision should be reversed and the case remanded to the ALJ for that purpose and for further analysis. If this results in any modifications to the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**